UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSON CARROLL,

       Plaintiff,

   v.                                          Civil Action 1:23-cv-84
                                              Judge Douglas R. Cole
                                              Magistrate Judge Chelsey M. Vascura
RODNEY OSBORNE, *et al.*,

       Defendants.


## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Joson Carroll, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against employees of the Southern Ohio Correctional Facility ("SOCF") arising out of Defendants' alleged excessive force in violation of the Eighth Amendment. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, Plaintiff **MAY PROCEED** on his individual-capacity claim for excessive force against Defendant Osborne related to his use of pepper spray. Further, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be

granted, but that Plaintiff be permitted to amend his Complaint to identify the SOCF employees who allegedly used excessive force when escorting him after the pepper spray incident.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $15.14 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A777546) at SOCF is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

2

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.    BACKGROUND

Plaintiff alleges that while confined to a cell on September 29, 2021, he signaled for a supervisor after Defendant Officer Fitzgerald refused to provide Plaintiff with clean drinking water and suggested that Plaintiff drink out of the toilet. Defendants Lieutenant Rodney Osborne, Officer Crabtree, and Fitzgerald then approached Plaintiff's cell, and Osborne immediately began spraying Plaintiff with pepper spray. An unidentified officer handcuffed Plaintiff while Osborne continued to deploy pepper spray to Plaintiff's face, chest, arms, hands, and back. Plaintiff describes this incident as a "lengthy assault by these three defendants," but identifies no forceful actions taken by anyone other than Defendant Osborne.

After being left in his cell for an unspecified length of time, Plaintiff was taken to a strip out cage without being given new clothes or being decontaminated. Plaintiff alleges that unspecified officers used excessive force when handcuffing and escorting him to the strip out cage by violently twisting his cuffs and later ripping the cuffs off, causing swelling and nerve damage.

Plaintiff further alleges that on October 6, 2021, he attended a scheduled appointment with Defendant Nurse Practitioner Conley regarding the nerve damage he allegedly sustained during the September 29, 2021 incident, but that Conley provided him with no medical treatment. Plaintiff further requested treatment from Conley on October 15, 2021, but Conley

told him that Plaintiff's problem was "due to nerve damage, it either heals or it doesn't," and that further requests for treatment would result in a conduct report.

Plaintiff alleges that Defendants' conduct amounted to wanton and unnecessary infliction of pain in violation of the Eighth Amendment and the Ohio Department of Rehabilitation and Corrections' safety and security procedures. Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages. (Compl., ECF No. 1-1.)

## II.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>      * * *
>
> (B) the action or appeal—
>
>           (i) is frivolous or malicious; [or]
>
>           (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action

4

in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than

5

formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.     ANALYSIS

The undersigned construes Plaintiff's complaint to allege excessive force claims arising out of (1) the use of pepper spray, and (2) violently twisting Plaintiff's cuffs and later ripping the cuffs off when escorting Plaintiff after the pepper spray incident. Plaintiff **MAY PROCEED** on his individual-capacity claim for excessive force against Defendant Osborne arising out of his use of pepper spray. However, as explained below, the undersigned recommends that Plaintiff's remaining claims be dismissed.

### A.     Official Capacity Claims

Plaintiff does not specify whether he intends to sue Defendants in their individual or official capacities, but to the extent he advances official-capacity claims, they must be dismissed. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and

(3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714

(1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted).

None of the three exceptions apply here. First, "Ohio has not waived sovereign immunity

in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section

1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*,

491 U.S. at 66). Finally, *Ex Parte Young* does not operate to save Plaintiff's official-capacity

claims. The *Ex Parte Young* exception to sovereign immunity allows a plaintiff "to bring claims

for prospective relief against state officials sued in their official capacity to prevent future federal

constitutional or statutory violations, regardless of whether compliance might have an ancillary

effect on the state treasury." *Boler*, 865 F.3d at 412 (internal quotation marks and citation

omitted). The exception applies where the plaintiff alleges "an ongoing violation of federal law

and seeks relief properly characterized as prospective." *Dubuc v. Mich. Bd. of Law Exam'rs*, 342

F.3d 610, 616 (6th Cir. 2003) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S.

635, 645 (2002)). Applied here, *Ex Parte Young* is inapplicable because Plaintiff does not allege

any ongoing violations. (*See* Compl., ECF No. 1.) Accordingly, to the extent Plaintiff intends to

advance official-capacity claims against Defendants, those claims must be dismissed.

**B.      Excessive Force Claims**

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain against

prisoners. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers,* 475

U.S. 312, 319 (1986)). To make out a claim under the Eighth Amendment, the prisoner must

satisfy both an objective and a subjective component. *Id.* (citing *Moore v. Holbrook*, 2 F.3d 697,

700 (6th Cir.1993)).

The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v.*

*Seiter,* 501 U.S. 294, 298 (1991). Yet the seriousness of the injuries is not by itself dispositive.

*Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

The subjective component focuses on the state of mind of the prison officials. *Williams*, 631 F.3d at 383. The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 449 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

Plaintiff's allegations that Defendant Osborne repeatedly and gratuitously deployed pepper spray against him for a "lengthy" period sufficiently state an individual-capacity excessive force claim against Defendant Osborne. However, although Plaintiff describes this incident as a "lengthy assault by these three defendants" (*i.e.*, Defendants Osborne, Crabtree, and Fitzgerald), Plaintiff identifies no actions taken by anyone other than Defendant Osborne. The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). As no other individuals are alleged to have used force during Defendant Osborne's deployment of pepper spray, Plaintiff's claims related to the pepper spray incident against any Defendants other than Defendant Osborne must be dismissed.

Plaintiff further alleges that, after Defendant Osborne sprayed him with pepper spray, he was escorted to a strip out cage, and that the escorting officers violently twisted his handcuffs and later ripped the handcuffs off him, causing swelling and nerve damage. The undersigned finds that Plaintiff's allegations sufficiently state an individual-capacity excessive force claim against the escorting officers. Plaintiff does not, however, identify any of the escorting officers who engaged in this alleged excessive force. It is therefore recommended that Plaintiff be permitted to amend his Complaint to identify the specific escorting officers and the specific actions each of those officers took during escort that resulted in his injuries.

Finally, Plaintiff alleges that Defendants' actions violated various prison safety and security procedures. However, a state actor's failure to follow their own regulations or procedures does not give rise to a constitutional claim so long as minimum due process requirements have been satisfied. *See Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993) (citations omitted). *See also Higgs v. Easterling*, No. 3:11-cv-499, 2012 WL 692610, at *6 (W.D. Ky. Mar. 2, 2012) ("[T]he failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim."). Thus, to the extent Plaintiff seeks to advance § 1983 claims premised upon Defendants' failure to follow prison regulations, it is recommended that those claims be dismissed.

## IV.    DISPOSITION

For the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. Plaintiff **MAY PROCEED** on his individual-capacity claim for excessive force against Defendant Osborne related to his use of pepper spray. Further, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted, but

9

that Plaintiff be permitted to **AMEND** his Complaint to identify the SOCF employees who allegedly used excessive force when escorting him after the pepper spray incident.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE