UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSON CARROLL,

       Plaintiff,

  v.

RODNEY OSBORNE, *et al.*,

       Defendants.

Case No. 1:23-cv-84
JUDGE DOUGLAS R. COLE

# ORDER

Joson Carroll is an inmate at the Southern Ohio Correctional Facility, a state prison in Lucasville, Ohio. Proceeding pro se, Carroll sued four prison employees: Lieutenant Rodney Osborne, Officer Crabtree, Officer Fitzgerald, and Nurse Practitioner Conley. (Doc. 2). In response, the Magistrate Judge issued her Report & Recommendation (R&R). (Doc. 3). That R&R recommends that the Court allow Carroll's excessive force claim against Osborne to proceed but dismiss his other claims for failure to state a claim. (*Id.* at #62). For the reasons below, the Court **ADOPTS** the R&R (Doc. 3) in part and **OVERRULES** it in part.

The facts here are straightforward. Carroll's primary allegation is that the Defendants used excessive force in response to his asking for a supervisor because of a water quality issue at the facility. (*See generally* Doc. 2). He alleges that when the three officers arrived at his cell, Osborne repeatedly pepper sprayed him while Crabtree and Fitzgerald stood by. (*Id.* at #58). He also alleges that, as other unidentified officers escorted him to change clothes after Osborne pepper sprayed

him, they twisted his handcuffs and tore them off him, causing significant pain and even nerve damage. (*Id.* at #59). He finally alleges that Conley dismissed his concerns, did not fill out an injury report, and threatened him with a conduct violation if he filled out forms requesting more medical aid. (*Id.*).

As noted above, the Magistrate Judge recommends that the Court only allow Carroll's excessive force claim against Osborne to proceed. (Doc. 3, #70). She also recommends that the Court dismiss Carroll's claims against Conley, Crabtree, and Fitzgerald and that, to the extent Carroll made any official-capacity claims, the Court dismiss those as well. (*Id.*). Finally, she recommends that the Court permit Carroll to amend his pleadings and identify the officers who escorted him and allegedly twisted his handcuffs. (*Id.* at #70–71).

That R&R also advised the parties that failure to object within fourteen days may result in forfeiture of rights, including the right to district court review. (*Id.* at #71). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Neither party objected. Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must review the R&R to confirm that the Magistrate Judge did not clearly err in her recommendation. *Williams v. Peeler*, No. 1:22-cv-250, 2022 WL 17968643, at *1 (S.D. Ohio Dec. 27, 2022) (citation omitted).

2

The Court has done so and finds no clear error in the Magistrate Judge's recommendation that Carroll's claim against Osborne be allowed to proceed, that any official-capacity claim should be dismissed, and that Carroll's claim against Conley for not following jail policies should be dismissed. But the Court finds clear error in the recommendation that Crabtree and Fitzgerald should be dismissed. Here's why.

The R&R notes that Carroll "identifies no actions taken by" Crabtree or Fitzgerald that would constitute excessive force. (Doc. 3, #69). That is correct. But the Sixth Circuit has long recognized that officers who fail to intervene can be held liable based on another officer's use of excessive force. *See Wright v. City of Euclid*, 962 F.3d 852 (6th Cir. 2020). In such a case, the plaintiff must show "that the officer observed or had reason to know that excessive force … was being used and that the officer had both the opportunity and the means to prevent the harm from occurring." *Smith v. City of Troy*, 874 F.3d 938, 945 (6th Cir. 2017).

Here, Carroll alleges that Osborne pepper sprayed him multiple times. The R&R correctly notes that this "sufficiently state[s] an individual-capacity excessive force claim against Defendant Osborne." (Doc. 3, #69). But Carroll's allegations that Crabtree and Fitzgerald stood by without intervening also plausibly state failure-to-intervene claims against them.[1] Given the quick nature of most pepper-spray interactions, the Court is doubtful that such a claim could proceed if Osborne had

---

[1] True, Carroll does not use the specific words "failure to intervene" in the Complaint. But pro se filings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). In the Court's view, Carroll identifying the other officers by name and pointing out their presence (and inaction) for the altercation suffices to allege that Crabtree and Fitzgerald had the opportunity to intervene and did not.

3

only pepper sprayed Carroll once. But Carroll alleges three separate sprays here, seemingly indicating that, after any one spray, Crabtree or Fitzgerald could have intervened to stop Osborne but did not. That is enough at this stage, especially for a pro se complainant.

As to the rest of the R&R, the Court sees no issue. As already explained, the allegations that Osborne repeatedly pepper sprayed a defenseless and subdued Carroll in and around his cell adequately state a claim for excessive force. *Young v. Kent Cnty. Sheriff's Dep't*, No. 21-1222, 2022 WL 94990, at *6 (6th Cir. Jan. 10, 2022) (distinguishing between an initial pepper spray and other sprays after the defendant had been subdued). So that claim can proceed.

The Magistrate Judge is also correct that Carroll's claim that Conley violated the prison's safety procedures by dissuading him from submitting medical requests does not state a claim. *See Black v. Parke*. 4 F.3d 442, 448 (6th Cir. 1993) (noting that, "so long as the minimum constitutional requirements have been met," a facility's failure to abide by its own rules does not rise to the level of a constitutional violation). And like the Magistrate Judge, the Court is unsure whether Carroll meant to sue the Defendants in their official capacities. If he did, any such claim must be dismissed. Official-capacity claims are "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). And those claims require that any proven constitutional violation "occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735

4

F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 691). Carroll makes no such allegations here, so no official-capacity claims could possibly proceed.

The Court also agrees with the Magistrate Judge that Carroll's allegations that the officers escorting him to change his clothes violently twisted his handcuffs and ripped them off him state excessive force claims against the unidentified escorting officers. And so the Court will allow Carroll sixty days from the issuance of this Order to amend the Complaint.

For these reasons, the Court **ADOPTS** the R&R's conclusions on Carroll's individual-capacity excessive force claim against Osborne, his individual-capacity claim against Conley, and any official-capacity claims he intended to make. Conley, then, is **DISMISSED** from the case. But the Court **REJECTS** the R&R's conclusions on Carroll's claims against Crabtree and Fitzgerald. The Court also **GRANTS** Carroll until July 3, 2023, to amend the Complaint to identify the officers who allegedly used excessive force while escorting him on the day of the incident. If Carroll has any issues obtaining the names of the escorting officers, he shall notify the Court.

**SO ORDERED.**

May 2, 2023
  **DATE**

  **DOUGLAS R. COLE**
  **UNITED STATES DISTRICT JUDGE**

5