UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSON CARROLL,

        **Plaintiff,**

  v.                                        Civil Action 1:23-cv-84
                                                        Judge Douglas R. Cole
                                                        Magistrate Judge Chelsey M. Vascura

RODNEY OSBORNE, *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

      This matter is before the Court on Plaintiff's Memorandum in Support of Law (ECF No 28). This document includes several questions for the Court's review, a statement of facts mirroring the excessive force claims alleged in Plaintiff's Amended Complaint, and a request that the Court enter judgment in favor of Plaintiff in the amount of $2 million in each of compensatory and punitive damages.

      Based on the procedural posture of this case—that is, only four of the five Defendants have filed Answers, and no deadlines for discovery or dispositive motions have yet been entered—the undersigned construes Plaintiff's Memorandum in Support of Law as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). "A Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (cleaned up). Here, the undersigned is unable to conclude that no material issue of fact exists or that Plaintiff is entitled to judgment as a matter of law, because the answering

Defendants deny outright all factual allegations in Plaintiff's Amended Complaint. (*See* Answers, ¶ 1, ECF Nos. 19, 27, 30.) Material issues of fact therefore remain as to whether the Defendants applied pepper spray to Plaintiff, whether the Defendants painfully twisted and squeezed handcuffs around Plaintiff's wrists, and whether any use of force was reasonable. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 28) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*  
CHELSEY M. VASCURA  
UNITED STATES MAGISTRATE JUDGE

2