UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSON CARROLL,

      Plaintiff,

v.

RODNEY OSBORNE, et al.,

      Defendants.

Case Nos. 1:23-cv-84
JUDGE DOUGLAS R. COLE
Magistrate Judge Vascura

### ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (R&R, Doc. 33) advising the Court to deny Plaintiff Joson Carroll's "Memorandum in Support of Law" (Doc. 28), which the Magistrate Judge construed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the reasons briefly stated below, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 33) and **DENIES** Carroll's Memorandum in Support of Law (Doc. 28), which the Court likewise construes as a motion for judgment on the pleadings.

Carroll, a pro se prisoner, alleges that several officers[1] in his correctional facility used excessive force against him in violation of the Eighth Amendment as incorporated against the states under the Fourteenth Amendment's Due Process Clause. (Am. Compl., Doc. 17). Specifically, he alleges that after he complained about the quality of the drinking water, Lieutenant Rodney Osborne pepper sprayed him

---

[1] Carroll also named a nurse practitioner, surnamed "Conley," as a defendant. Conley was later dismissed from the case. (Doc. 11).

multiple times while Officers Fitzgerald[2] and Crabtree stood by without intervening. (Doc. 17, #105–06). Afterwards, Officers Stringer and Jewell[3] led Carroll—handcuffed—to a different cell. (Doc. 17, #106). They allegedly twisted Carroll's fingers, squeezed the handcuffs, and then violently removed the handcuffs, allegedly causing nerve damage in Carroll's wrists. (*Id.*; Compl., Doc. 2, #59). Carroll raised an excessive force claim under the Eighth Amendment, in which he alleges that the officers used force that was excessive and unreasonable in light of the circumstances with reckless disregard to his safety, thereby causing injury to him in the process. (Doc. 17, #107).

All defendants have since filed answers, in which they fully deny Carroll's factual allegations. (Docs. 19, 27, 30, 36). Carroll, meanwhile, filed a "Memorandum in Support of Law," in which he describes the elements of an Eighth Amendment claim, asserts that the defendants' actions meet those elements, and cites cases in support of his conclusion. (*See* Doc. 28, #153–58). No defendant responded to Carroll's memorandum. On August 7, 2023, the Magistrate Judge, construing Carroll's memorandum as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), issued her R&R advising the Court to deny Carroll's motion/memorandum. (Doc. 33, #174). The R&R further stated that Carroll had 14 days—until August 21, 2023—to object. (*Id.*).

---

[2] The Complaint misspelled his name as "Fitzgarold." (Doc. 2, #58).

[3] Carroll could not initially identify the officers who escorted him to a different cell. (Doc. 2, #58–59). He later amended his complaint to add Officers Stringer and Jewell as defendants and to allege that they were the individuals responsible for his nerve damage. (*See* Doc. 2, #59; Doc. 17, #106).

Carroll failed to meet the deadline, but filed an objection several days late.[4] (Doc. 35). Normally, this failure would result in a forfeiture of his right to the Court's de novo review of the R&R as well as his right to appeal this decision. *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections). However, the Court may excuse an untimely objection if "exceptional circumstances are present that justify disregarding the rule in the interests of justice." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). In his objection, Carroll claims that the defendant officers have intentionally interfered with his attempts to file legal documents with the Court. (Doc. 35, #179). Intentional interference with a prisoner's legal filings strikes the Court as likely to qualify as an exceptional circumstance that excuses an untimely objection.

In the end though, it matters not whether the Court excuses this untimely filing. Even conducting a de novo review of the Magistrate Judge's R&R, the Court would adopt it in full. As the Magistrate Judge aptly noted, a Rule 12(c) motion for judgment on the pleadings is granted only "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (citation omitted). All

---

[4] Prisoner filings are dictated by the mailbox rule, pursuant to *Houston v. Lack*, 487 U.S. 266 (1988). According to the date written on the objection itself, the earliest Carroll could have deposited the filing was on August 24, 2023. (Doc. 35, #179). And we know that the document was filed no later than the August 26, 2023, the date stamped on the envelope. (*Id.* at #185). As a result, his objection was at best three days late; and at worst five days late.

defendants have denied Carroll's factual allegations in full, thereby demonstrating that issues of material fact still exist. Carroll's objections do not refute this point. (*See* Doc. 35).

Because material disputes of fact still persist at this stage, the Court **ADOPTS** the Report and Recommendation (Doc. 33) in full and thus **DENIES** Carroll's Memorandum in Support of Law (Doc. 28), which the Court construes as a motion for judgment on the pleadings.

**SO ORDERED.**

November 8, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

4