UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JOSON CARROLL,**

      **Plaintiff,**

  v.                                **Civil Action 1:23-cv-84**
                                        **Judge Douglas R. Cole**
**RODNEY OSBORNE,** *et al.***,**           **Magistrate Judge Chelsey M. Vascura**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Joson Carroll, a former Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against employees of the Southern Ohio Correctional Facility ("SOCF") arising out of Defendants' alleged excessive force and failure to intervene in violation of the Eighth Amendment. (Am. Compl., ECF No. 17.) This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 51) and Plaintiff's Motion to Compel Discovery (ECF No. 53). For the following reasons, Plaintiff's Motion to Compel Discovery is **DENIED,** and it is **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

        **I.**       **PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

On September 8, 2023, the Court issued a scheduling order setting the deadlines for completing discovery on March 6, 2024, and for filing dispositive motions on April 5, 2024. (ECF No. 37.) The scheduling order further provided that "motions related to discovery, if any, shall be filed within the discovery period unless it is impossible or impracticable to do so." (*Id.*)

The March 6, 2024 discovery deadline passed without a request for extension by either party. On April 4, 2024, the Court granted Defendants' motion to extend the dispositive motions deadline to June 4, 2024. (ECF No. 48.) Defendants timely filed their Motion for Summary Judgment on June 4, 2024 (ECF No. 51). Almost three weeks later, and on the day before his deadline to respond to Defendants' Motion for Summary Judgment, Plaintiff filed a document which the Court construes as a motion to compel discovery from Defendants. (ECF No. 53.) Therein, Plaintiff asserted that his ability to pursue his claims has been hindered since his release from prison on September 15, 2023, because of internet restrictions imposed by the Board of Post-Release Control. (*Id.*) Plaintiff requests that Defendants produce any audio and video recordings of the incidents underlying the Amended Complaint as well as copies of his institutional grievances. (*Id.*) But because discovery closed on March 6, 2024, Plaintiff's June 24, 2024 Motion to Compel Discovery is untimely by more than three months. Plaintiff would therefore need to obtain an extension of the discovery deadline before the Court could consider his Motion to Compel Discovery.

      A district court must enter a scheduling order that limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in this case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot

reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

Plaintiff has not demonstrated good cause to modify the case schedule. Beyond unspecified internet restrictions, Plaintiff has offered no explanation as to why he could not have moved to compel discovery before the discovery deadline. Indeed, Plaintiff could have served written discovery requests to Defendants via U.S. mail without the need for internet access. Further, Defendants would be prejudiced by reopening discovery when the discovery and dispositive motions deadlines have passed and Defendants' Motion for Summary Judgment is ripe for review. *See*, *e.g.*, *Leary*, 349 F.3d at 892 ("Defendant would suffer prejudice by allowing this amendment which would require the reopening of discovery at this late stage of the proceedings."); *Sterling Jewelers Inc. v. Alex & Ani, LLC*, No. 5:17-CV-2540, 2019 WL 95842, at *3 (N.D. Ohio Jan. 3, 2019) ("Given that the periods for non-expert and expert discovery have expired, and the January 15, 2019 dispositive motion deadline is fast approaching, any extension of the discovery periods would have the cascading effect of jeopardizing the Court's remaining dates and deadlines."). For these reasons, Plaintiff's Motion to Compel Discovery is **DENIED** as untimely.

        **II.**    **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Court now turns to Defendants' Motion for Summary Judgment. Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482,

486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

**A.      Facts**

Although this Court must view the facts in the light most favorable to Plaintiff, the non-moving party, *see Stansberry*, 651 F.3d at 486, Plaintiff has not responded to Defendants' Motion for Summary Judgment, nor has he submitted any verified allegations in his Complaints or elsewhere in the record.[1] And Defendants have submitted video evidence in support of their

---

[1] The only evidence Plaintiff has submitted throughout the case that the Court could consider under Rule 56 is an affidavit by fellow inmate Brandon Smith, who asserts that he saw Defendants "spray mace into [Plaintiff's] cell" and "twist[ ] Carroll's fingers," even though

4

Motion for Summary Judgment that depicts much of the incidents in question. Resolving factual disputes in the non-movant's favor is not required when the non-movant's account "is blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Accordingly, video evidence that contradicts the non-movant's account should be viewed as conclusive. *See id.* at 380–81 ("Respondent's version of events is so utterly discredited by the [video] record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape."). Thus, for the purpose of Rule 56, the facts below are not in dispute.

On September 29, 2021, Plaintiff was housed in the D-1 block in cell unit 10 at SOCF. (Am. Compl. 1, ECF No. 17.) Plaintiff believed the water in his cell was contaminated and attempted to bring his concern to the attention of Defendant Phillip Fitzgerald. (Inmate Use of Force Statement, ECF No. 50-1, PAGEID #271.) Dissatisfied with Fitzgerald's response, Plaintiff began kicking the door of his cell, a violation of institutional rules, to attract the attention of a supervisor. (*Id.*) Video surveillance footage of the hallway shows Defendants Lt. Rodney Osborne, Brian Crabtree, Jake Jewell, and Brandon Stringer approaching Plaintiff's cell. (Video Footage, ECF No. 55.) The video further shows Osborne deploying a spray for about one second from a cannister into the cuff port in Plaintiff's cell. (*Id.*) However, Plaintiff had placed a blanket in the cuff port, blocking the spray. Defendants are seen removing the blanket, and Osborne deploys another one-second spray from his cannister. (*Id.*) At this point, Defendants contend that they observed Plaintiff "throwing an unknown liquid in the direction of the cuff port using a water pitcher." (Defs.' Mot. for Summ. J. 6, ECF No. 51) (citing Use of Force Report,

---

Plaintiff "was complying with all orders." (ECF No. 53-1, PAGEID #368.) These averments are not substantially inconsistent with Defendants' version of the facts.

ECF No. 50-1, PAGEID #253, 264–70). Defendants also submit photographs taken later that depict an overturned plastic pitcher with liquid spilling out onto the floor of Plaintiff's cell. (ECF No. 50-1, PAGEID #293–94.) That said, the inside of Plaintiff's cell is not visible on the video footage, and Plaintiff denied throwing anything at the time. (Inmate Use of Force Voluntary Statement, ECF No. 50-1, PAGEID #272.) Osborne is seen to deploy a third one-second spray from his cannister. (Video Footage, ECF No. 55.) The video shows that Plaintiff then complied with the directive to be handcuffed by placing his hands in the cuff port. (*Id.*) After cuffing Plaintiff, Defendants are seen leaving the area of Plaintiff's cell, and they return after about ten minutes to escort Plaintiff down the hall to a strip out cage. (*Id.*) No resistance by Plaintiff or use of force by Defendants are visible on the way to the strip out cage. (*Id.*) Once the strip out cage is reached, one of the Defendants can be seen handing a towel to Plaintiff, and after a few minutes, Plaintiff and all Defendants begin to leave the strip out cage area. (*Id.*) At this point, Plaintiff can be seen to struggle somewhat against Defendants Jewell and Stringer's hold on his arms and hands. (*Id.*) Jewell and Stringer apply what appears to be minimal force to keep Plaintiff under control, and Plaintiff is escorted back to his cell without further incident. (*Id.*) A medical exam report from the date of the incident reflects only "redness noted to [Plaintiff's] face" with no difficulty breathing and no other injuries complained of. (ECF No. 50-1, PAGEID #285.)

**B.** **Analysis**

Plaintiff's Amended Complaint advances an Eighth Amendment claim for excessive force against Defendant Osborne for his deployment of pepper spray against Plaintiff, Eighth Amendment claims for failure to intervene against Defendants Crabtree and Fitzgerald for their failure to prevent Osborne from repeatedly deploying pepper spray, and Eighth Amendment claims against Defendants Jewell and Stringer for their excessive force when escorting Plaintiff from his cell to the strip out cage and back.

6

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain against prisoners. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component. *Id.* (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993)). The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Yet the seriousness of the injuries is not by itself dispositive. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* The subjective component focuses on the state of mind of the prison officials. *Williams*, 631 F.3d at 383. The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 449 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

Plaintiff has failed to demonstrate the existence of a genuine issue of material fact that would preclude summary judgment in Defendants' favor. It is undisputed that Plaintiff was kicking his cell door and blocking his cell's cuff port with a blanket in contravention of institutional rules just before and during Osborne's brief deployment of pepper spray. The United States Court of Appeals for the Sixth Circuit has repeatedly held that using pepper spray in similar situations to restore order in the prison context does not constitute excessive force. *See Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (noting the Sixth Circuit has concluded "in numerous cases" that "the use of chemical agents against recalcitrant prisoners did not violate

7

the Eighth Amendment") (cleaned up) (citing *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992) (collecting cases)). Osborne's use of pepper spray therefore does not reflect excessive force. As a result, Defendants Crabtree and Fitzgerald did not violate the Eighth Amendment when they failed to intervene in Osborne's use of pepper spray. Finally, the video evidence shows that, while minimal force may have been applied by Defendants Jewell and Stringer when returning Plaintiff to his cell, no evidence suggests that this force was sufficiently serious to implicate the Eighth Amendment or was not applied in a good-faith effort to maintain or restore discipline after Plaintiff began to struggle against the officers' hold. *See Wilkins*, 449 U.S. at 37. There are therefore no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law.

### III. DISPOSITION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery (ECF No. 53) is **DENIED**. It is **RECOMMENDED** that the Court **GRANT** Defendants' Motion for Summary Judgment (ECF No. 51).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

       **IT IS SO ORDERED.**

                                       */s/ Chelsey M. Vascura*
                                       CHELSEY M. VASCURA
                                       UNITED STATES MAGISTRATE JUDGE