# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSON CARROLL,

    Plaintiff,

  v.

RODNEY OSBORNE, et al.,

    Defendants.

Case No. 1:23-cv-84

JUDGE DOUGLAS R. COLE
Magistrate Judge Vascura

## ORDER

This Order addresses two separate, but related, filings in this case. The first is Interested Party, State of Ohio's, Motion to Dismiss Defendant, Rodney Osborne, Deceased (Doc. 57), which the Magistrate Judge has not yet addressed, so the Court will address it in the first instance. The second is the Magistrate Judge's Report and Recommendation (R&R, Doc. 58), advising the Court to grant Defendants' and Interested Party, State of Ohio's, Motion for Summary Judgment (Doc. 51), to which no party has objected. For the reasons stated below, the Court **GRANTS** the State of Ohio's Motion to Dismiss Defendant, Rodney Osborne, Deceased (Doc. 57). Defendant Rodney Osborne shall be terminated from this matter. The Court also **ADOPTS** the Magistrate Judge's R&R (Doc. 58) and thereby **GRANTS** the Defendants' and State of Ohio's Motion for Summary Judgment (Doc. 51), and **DISMISSES** Carroll's Amended Complaint (Doc. 17) **WITH PREJUDICE**.

## BACKGROUND

Joson Carroll, a pro se prisoner, became concerned that the water supplied to his prison cell was undrinkable. (Doc. 17, #105). He alleges that, after he raised his concern, Lieutenant Rodney Osborne responded by pepper spraying him several times, and that Officers Phillip Fitzgerald[1] and Brian Crabtree failed to intervene. (*Id.* at #105–06). Carroll further alleges that, while handcuffing him, Officers Jake Jewell and Brandon Stringer "twist[ed] and squeez[ed] the handcuffs around [his] wrists to[] a point of agony." (*Id.* at #106). And he claims that, while removing the handcuffs, the two officers tore his wrists and caused his shoulder to dislocate. (*Id.*).

Based on these allegations, Carroll asserts various excessive force and deliberate indifference claims under the Eighth Amendment against Osborne, Fitzgerald, Crabtree, Jewell, and Stringer (Defendants).[2] (*Id.* at #107). Specifically, Carroll alleges that (1) Osborne used excessive force when he pepper sprayed Carroll, (2) Fitzgerald and Crabtree acted with deliberate indifference when they failed to prevent Osborne from repeatedly deploying the pepper spray, and (3) Jewell and Stringer used excessive force when handcuffing and unhandcuffing him. (*Id.*).

After discovery closed, Defendants and Interested Party, State of Ohio moved for summary judgment. (Doc. 51). Carroll did not oppose that motion, nor did he provide any evidence the Court can consider under Federal Rule of Procedure 56, other than an affidavit from fellow inmate, Brandon Smith. (Doc. 53-1, #368).

---

[1] The Amended Complaint misspelled his name as "Fitzgarold." (Doc. 17, #105).

[2] Carroll also initially named a nurse practitioner, surnamed "Conley," as a defendant. (Compl., Doc. 2). Conley was later dismissed from the case. (Doc. 11).

2

Magistrate Judge Vascura concluded that Carroll failed to demonstrate the existence of a genuine issue of material fact that would preclude summary judgment on any of his claims. (Doc. 58, #389–90). She thus recommended that the Court grant summary judgment in favor of Defendants. The R&R further advised all parties that they had fourteen days to object to the R&R if they wished to do so. (*Id.* at #390–91). That time has since passed, and no party has objected.

One other thing. One of the Defendants, Osborne, unfortunately passed away on April 9, 2024. (Suggestion of Death, Doc. 49, #345). So on July 25, 2024, the State of Ohio[3] moved to dismiss Carroll's claims against Osborne under Federal Rule of Civil Procedure 25(a). (Doc. 57). The R&R did not consider that motion, so the Court will address it here.

## LAW AND ANALYSIS

The Court begins with the State of Ohio's motion to dismiss the claims against Osborne. Then it turns to the R&R.

**A.  Motion to Dismiss Under Rule 25.**

The State of Ohio moves to dismiss the claims against Osborne, who passed during the pendency of this litigation. (Doc. 57, #381). Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished," and a motion

---

[3] The State of Ohio became involved in this litigation as an interested party pursuant to Ohio Revised Code § 109.361, which allows the Ohio Attorney General to appear in any civil action to protect the interest of the State even though no request for appearance has been made by the officer or employee.

3

for substitution "is not made within 90 days after service of a statement noting the death, the action … against the decedent must be dismissed."

Osborne passed on April 9, 2024, and the State of Ohio filed a Notice of Suggestion of Death on April 23, 2024. (Doc. 49). Osborne's death did not extinguish Carroll's claims. Accordingly, any party wishing to move for substitution was required to do so on or before July 22, 2024—ninety days later. But no one filed such a motion. So the Court must dismiss the claims against Osborne. Fed. R. Civ. P. 25(a)(1).

**B.    R&R on the Motion for Summary Judgment.**

Turn now to the R&R, which addresses Defendants' and State of Ohio's motion for summary judgment. As an initial matter, Carroll did not respond to the motion. That means he has "forfeited any objection" he may have otherwise made. *Jenkins v. Foot Locker Inc.*, 598 F. App'x 346, 348 (6th Cir. 2015). True, the Magistrate Judge must nonetheless review the record to determine whether a genuine dispute of material fact exists. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 629–30 (6th Cir. 2014). But if the nonmovant fails to highlight a factual dispute, "reliance on the facts advanced by the movant is proper and sufficient." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). Ultimately, then, "[w]hen a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011).

That's not all. Beyond failing to oppose Defendants' motion, Carroll did not object to the R&R. And where no party has objected to an R&R, the Court reviews it only for clear error. *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352 (S.D. Ohio 2023); *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

After reviewing the R&R, the Court concludes that it does not contain "clear error on [its] face," Fed. R. Civ. P. 72(b) (advisory committee notes), though one could perhaps quibble with how the R&R applied the summary judgment standard. Specifically, the R&R appears to *start* the analysis by suggesting that Defendants' motion succeeds because Carroll, the non-movant, failed to demonstrate the existence of a genuine issue of material fact. (Doc. 58, #389). True, if a non-movant fails to present evidence establishing that a genuine issue of material fact exists, summary judgment is proper. *See Loc. No. 499, Bd. of Trs. of Shopmen's Pension Plan v. Art Iron, Inc.*, 117 F.4th 923, 933 (6th Cir. 2024). But that is the *second* step. Before the burden shifts to the non-movant, the movant (here, Defendants) must "make an initial showing" of the *absence* of a genuine dispute of material fact. *Id*. While the R&R noted that initial step in laying out the standard, (Doc. 58, #385–86), it did not explicitly address, in the course of applying that standard, whether Defendants made their initial showing, (*id*. at #389). That said, the R&R at least tacitly did so, hinting that the surveillance video and exhibits Defendants submitted were enough to demonstrate, as an initial matter, that no genuine dispute of material fact existed.[4]

---

[4] The R&R treats Defendants' surveillance video evidence as "conclusive." (Doc. 58, #387). But since the video does not capture what occurred inside Carroll's cell during the relevant

5

(*See id.* at #386–88). Against that backdrop, then, the R&R is correct that it was ultimately Carroll's job to show a genuine dispute of material fact.

And the R&R did not clearly err in finding that Carroll failed to do so. It provides three reasons Carroll's claims fall short. First, Carroll undisputedly violated the correctional facility's institutional rules by kicking his cell door and blocking his cell port with a blanket, so Osborne's use of pepper spray to "restore order" did not violate the Eighth Amendment. (*Id.* at #389–90 (citing *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014)). Second, because Osborne did not employ excessive force when he used the pepper spray, Fitzgerald and Crabtree likewise did not violate the Eighth Amendment by failing to intervene. (*Id.* at #390). Third, Jewell and Stringers' use of "minimal force" when handcuffing and unhandcuffing Carroll was not enough to violate the Eighth Amendment. (*Id.*). True, Carroll's allegations tell a somewhat different story on each of these three fronts. But allegations from an unverified complaint are not evidence. *See King v. Harwood*, 852 F.3d 568, 577–78 (6th Cir. 2017). Thus, given Carroll's failure either to respond to the motion for summary judgment or to object to the R&R, the Court finds no clear error in any of these determinations.

---

time period and lacks audio, the Court isn't convinced that it would "so utterly discredit[]" Carroll's version of events that the video would be conclusive had Carroll presented contrary evidence. (*Id.* (quoting *Scott v. Harris*, 550 U.S. 372, 380–81 (2007)). That said, Carroll did not respond to the motion for summary judgment and has not submitted any verified allegations. (*Id.* at #386). So the Magistrate Judge correctly found that the facts as portrayed by the video are undisputed for purposes of ruling on the summary judgment motion. *See* Fed. R. Civ. P. 56(e)(2).

6

## CONCLUSION

For the above reasons, the Court **GRANTS** Interested Party, State of Ohio's, Motion to Dismiss Defendant, Rodney Osborne, Deceased (Doc. 57). Defendant Rodney Osborne shall be terminated from this action. And because no material disputes of fact persist at this stage, the Court **ADOPTS** the R&R (Doc. 58) in full. The Court accordingly **GRANTS** Defendants' and Interested Party, State of Ohio's, Motion for Summary Judgment (Doc. 51) and **DISMISSES** Carroll's Amended Complaint (Doc. 17) **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    SO ORDERED.

December 3, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**